**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HIGHWAY ADMINISTRATION, et al., <br><br> Defendants. | No. C 12-02172 JSW <br><br> **ORDER RESOLVING MOTIONS TO DISMISS** |

## INTRODUCTION

Now before the Court for consideration are the motions to dismiss filed by the Federal Highway Administration ("FHWA") and the California Department of Transportation and Malcolm Doughterty ("Caltrans").[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for September 14, 2012, and it HEREBY GRANTS FHWA's motion and DENIES Caltrans' motion.

## BACKGROUND

This litigation arises out of a proposed highway project around the community of Willits, California (the "Willits Bypass Project"). In October 2006, FHWA and Caltrans issued a final Environmental Impact Statement ("EIS") for the Willits Bypass Project, which considered as alternatives four variations of a four-lane freeway. (First Amended Complaint

---

[1] Mr. Dougherty has been sued in his capacity as Director of Caltrans.

("FAC") ¶ 28.) In December 2006, FHWA and Caltrans signed a Record of Decision for the Willits Bypass Project, approving a variation of a four-lane freeway as the final decision of these agencies. (*Id.* ¶ 29.) However, in 2007, the California Transportation Commission did not provide for funding for a four-lane project and implemented funding only for a two-lane project. (*Id.* ¶ 30.)

Plaintiffs, Center for Biological Diversity, Environmental Protection Information Center, and Sierra Club (collectively "Plaintiffs"), allege that Caltrans and FHWA should have responded to the funding issues as well as a number of changed circumstances by preparing a supplemental EIS. Plaintiffs allege that, instead, in 2010 FHWA and Caltrans asserted that they would proceed with a four-lane project but would do so in two phases. (*Id.* ¶ 32.) Based on these and other allegations, which will be addressed in more detail in the analysis, Plaintiffs allege that FHWA and Caltrans failed to comply with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332.[2]

## ANALYSIS

**A.  Applicable Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[2]  Plaintiff, Willits Environmental Center, does not join in this claim for relief.

*Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**B.     The Court GRANTS FHWA's Motion to Dismiss.**

FHWA moves to dismiss, in part, on the basis that, on July 1, 2007, it entered into a Memorandum of Understanding ("MOU") with Caltrans, in which FHWA assigned all responsibility and liability for the Willits Bypass Project to Caltrans, pursuant to the Surface Transportation Project Pilot Delivery Program (the "Pilot Program"). 23 U.S.C. § 327. Under the Pilot Program, the Secretary of Transportation "may assign, and [a state] may assume, the responsibilities of the Secretary with respect to one or more highway projects within" that state

3

under NEPA. *Id.* § 327(a)(2)(A). Caltrans applied and was selected to participate in the Pilot Program. (FHWA Mot., Ex. 2 (MOU § 1.1.1).)[3]

Pursuant to the Pilot Program, "the FHWA assign[ed] and Caltrans assume[d], subject to the terms and conditions set forth in 23 U.S.C. 327 and [the] MOU, *all* of the USDOT Secretary's responsibilities under NEPA ..., with the exception of the responsibilities concerning certain categorical exclusions which have been assigned to Caltrans" under a separate MOU. (*Id.*, MOU § 3.1.1 (emphasis added).) The parties also listed 22 projects for which Caltrans did not assume NEPA responsibility or liability. The Willits Bypass Project is not included among those projects. (MOU § 3.3.1.)

Plaintiffs argue that nothing in the Pilot Program or the MOU precludes FHWA from being named as a defendant in this case. However, the statute implementing the Pilot Program provides that "[a] State that assumes responsibility under subsection (a)(2) shall be *solely responsible and solely liable* for carrying out, in lieu of the Secretary, the responsibilities assumed under subsection (a)(2), until the program is terminated as provided in subsection (i)." 23 U.S.C. § 327(e) (emphasis added). Similarly, under the MOU, Caltrans assumed all responsibility to comply with NEPA with respect to the Willits Bypass Project.

Further, although FHWA did have some responsibility for the Willits Bypass Project prior to July 1, 2007, Plaintiffs' claims are premised upon re-evaluations issued by Caltrans and on Caltrans decision not to issue a supplemental EIS. Those actions occurred after FHWA and Caltrans entered into the MOU. (*See generally* FAC ¶¶ 32, 37, 44.) Plaintiffs' final argument in opposition to the motion, namely that FHWA's presence is required for purposes of preparing the administrative record, also is unpersuasive.

Accordingly, the Court GRANTS FHWA's motion to dismiss. Plaintiffs acknowledge that any claims based on the FHWA's approval of the Final EIS or FHWA's issuance of a Record of Decision in 2007 would be barred by the applicable statute of limitations. (Opp. to FHWA Mot. at 5:21-23.) Plaintiffs argue that claims based on a failure to supplement an EIS

---

[3] Plaintiffs do not argue that the Court should not consider the terms of the MOU, and the MOU is a matter of public record, of which the Court can take judicial notice. Fed. R. Evid. 201.

4

would not be barred. Plaintiffs have not alleged any facts to show that the FHWA obtained new information, which would have required it to supplement the EIS, before it entered into the MOU with Caltrans. Moreover, any claims based on actions (or a failure to take action) before July 1, 2007, would be barred by the applicable statute of limitations. *See* 29 U.S.C. § 139(l)(1)-(2).

Accordingly, the Court finds it would be futile to grant Plaintiffs leave to amend their claims against FHWA. The Court GRANTS FHWA's motion to dismiss, and it DISMISSES the claim against FHWA with prejudice.

**C.     The Court DENIES Caltrans' Motion to Dismiss.**

Plaintiffs assert that Caltrans violated NEPA by failing to prepare a supplemental EIS for the Willits Bypass Project.[4] NEPA does not mandate particular results. Rather "it imposes only procedural requirements on federal agencies with a particular focus on requiring agencies to undertake analyses of the environmental impact of their proposals and actions." *Department of Transportation v. Public Citizen*, 541 U.S. 752, 756 (2004). Pursuant to NEPA, agencies must prepare an EIS for major federal actions "significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C).

"[T]he decision whether to prepare a supplemental EIS is similar to the decision to prepare an EIS in the first instance: if there remains major Federal action to occur, and if ... new information is sufficient to show that the remaining action will affect the quality of the human environment in a significant manner or to a significant extent not already considered, a supplemental EIS must be prepared." *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 374 (1989) (internal quotations and brackets omitted); *see also Price Road Neighborhood Ass'n v. United States Dep't of Transportation*, 113 F.3d 1505, 1509 (9th Cir. 1997) ("NEPA also imposes a continuing duty to supplement previous environmental documents."); 40 C.F.R. § 1502.9(c)(1)(i)-(ii) (an agency shall supplement an EIS where "[t]he agency makes substantial changes in the proposed action that are relevant to environmental concerns; or ... [t]here are

---

[4] NEPA does not contain a separate provision for judicial review, and an agency's compliance with NEPA is reviewed under the APA. *Ka Makani 'O Kohala Ohana, Inc. v. Water Supply*, 295 F.3d 955, 959 (9th Cir. 2002).

significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts"). "Significantly as used in NEPA requires considerations of both context and intensity," each of which requires consideration of a number of factors. *See* 40 C.F.R. § 1508.27.

Caltrans argues that the facts alleged in the FAC are insufficient and do not meet *Twombly*'s pleading standard, because Plaintiffs do not include specific facts to support the allegations that the changes to the Willits Bypass Project are "substantial" or that the new information qualifies as "significant." Caltrans also argues that, although Plaintiffs acknowledge that the term "significantly," requires considerations of context and intensity, the facts alleged are not tethered to that standard. The Court disagrees, and it finds that Caltrans' arguments are better raised in the context of a motion for summary judgment.

With respect to "context," "the significance of an action must be analyzed in several contexts, such as society as a whole (human, national), the affected region, the affected interests and the locality." 40 C.F.R. § 1508.27(a). "[I]n the case of a site-specific action, significance would usually depend on the effects in the locale...." *Id.* The Willits Bypass Project is a site-specific action, and Plaintiffs allege facts regarding the effects of the phased construction plan on the locale. (*See, e.g.,* FAC ¶¶ 39-42.)

"Intensity ... refers to severity of impact," and agencies may consider such factors as the "[u]nique characteristics of the geographic area such as proximity to historic or cultural resources, park lands, prime farmlands, wetlands, wild and scenic rivers or ecologically critical areas," and "[t]he degree to which the action may adverse affect an endangered or threatened species or its habitat that has been determined to be critical under the Endangered Species Act of 1973." 40 C.F.R. §§ 1508.27 (b)(3), 1508.27(b)(9). Plaintiffs allege that the changed circumstances include the two-phased construction plan. Plaintiffs allege that the phasing will: impact streams of federally listed salmon and steelhead, by causing greater soil disturbance, which increases the potential for sedimentation of spawning habitat; cause greater losses of agricultural lands; cause greater impacts on wetlands and other specific types of vegetation. (*See* FAC ¶¶ 39-42.)

6

Accordingly, the Court concludes that Plaintiffs have alleged sufficient facts to state a claim for a violation of NEPA, and it DENIES Caltrans' motion.[5] Caltrans shall file its Answer to the FAC within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: September 11, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs recently filed a motion for a preliminary injunction. This Order should not be construed as expressing an opinion on whether Plaintiffs have or will be able to establish a likelihood of success on the merits of their NEPA claim.

7