IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,
et al.,

    Plaintiff,

    v.

FEDERAL HIGHWAY ADMINISTRATION,
et al.,

    Defendants.

No. C 12-02172 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 12, 2012, AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

1. Does Caltrans have an up to date estimate of when construction on the Willits Bypass Project is scheduled to start, other than those set forth in the Declaration of David G. Kelley?

2. Are Plaintiffs seeking injunctive relief based on their second claim for relief, violations of Section 404 of the Clean Water Act?

3. In their FAC, Plaintiffs cite to 5 U.S.C. § 706(2) as the basis for judicial review of Defendants' actions. The Army Corps of Engineers argues that Plaintiffs cannot establish a likelihood of success on the merits, because, in its view, this case does not involve a request to hold unlawful or set aside agency action. Rather, it is a case that involves a request to compel agency action unlawfully withheld or unreasonably delayed. *See* 5 U.S.C. § 706(1).

    a. What is Plaintiffs' response to this argument, and is this a situation where Defendants are elevating form over substance?

4. Mr. Kelley attests a "Phasing the construction of the Willits Bypass is not a new development," and attests that "Chapter 6 of the Project Report was dedicated to discussing the possible need for and description of a phased project." (Kelley Decl., ¶ 24.)

    a. Is the "Project Report" referenced in this paragraph in the existing record and, if so, where?

5. Mr. Collison attests that trees and vegetation will be "topped," while Mr. Kelley attests that trees will be "removed." (*Compare* Collison Decl., ¶ 5 *with* Kelley Decl., ¶ 9.) Is it correct that some trees will be removed completely, rather than merely topped?

6. Caltrans argues that Plaintiffs' NEPA claim would be barred by the doctrine of laches. At what point in this process would Caltrans suggest the Court begin to measure the alleged delay? *See, e.g., Apache Survival Coalition v. United States*, 21 F.3d 895, 908

n.4 (9th Cir. 1994) (noting that court has not announced a "general rule for determining the appropriate point from which laches runs in the environmental context").

    a.    Setting aside the issue of whether Caltrans could prevail on an affirmative defense of laches, does Caltrans also argue that the Court should consider whether Plaintiffs' unduly delayed in bringing the motion for a preliminary injunction?

7. Caltrans argues that the balance of equities tips sharply in its favor, because it has awarded the contract for the Willits Bypass Project and, as a result, could suffer significant delay costs if the Court enjoins construction. This case was filed in May 2012, but the contract was not awarded until August 2012. Did Caltrans and the contractor account for the possibility of an injunction in the contract? If so, what are the terms of that provision?

8. If the Court grants Plaintiffs' motion, what amount of bond do Defendants propose Plaintiffs' post and what is the basis of that amount?

**IT IS SO ORDERED.**

Dated: October 11, 2012

                                              JEFFREY S. WHITE
                                              UNITED STATES DISTRICT JUDGE