IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY, et al.,

    Plaintiffs,

CALIFORNIA FARM BUREAU FEDERATION,

    Intervenor-Plaintiff,

v.

FEDERAL HIGHWAY ADMINISTRATION, et al.,

    Defendants.

No. C 12-02172 JSW

**ORDER RESOLVING MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

**(Docket No. 107)**

    This matter comes before the Court upon consideration of the motion to supplement the Administrative Records, filed by Plaintiffs and the Intervenor-Plaintiff (collectively "Plaintiffs"). The Court has considered the parties' papers, the stipulations submitted by the parties, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for February 22, 2013.

    The parties have largely resolved their issues by way of stipulation. (*See* Docket Nos. 116, 120.) With respect to the Administrative Record submitted by the California Department of Transportation and Malcolm Dougherty (collectively "Caltrans"), Plaintiffs identified fourteen categories of documents, which they contended should be included in the

Administrative Record. The only remaining dispute is how to treat documents in categories 1, 2, 4, 5, 8, 9, 10, 11, 12 and 14, that Caltrans has not yet located.

Caltrans offered to resolve this issue by a stipulation that states it would "agree to diligently search for, and if they still exist and are not already within the record, add" the documents described in those categories to the Administrative Record. (Docket No. 118, Response at 2:21-23.) The Plaintiffs state that they "appreciate Caltrans' willingness to conditionally include the documents," but are not able to stipulate to "inclusion of the documents in the record based solely on Caltrans' due diligence in locating the documents." (Docket No. 121, Reply at 1:12-14.) Thus, Plaintiffs ask the Court to Order Caltrans that the documents be included in the record and, "[i]f Caltrans is then unable to locate the documents, it can make such a showing to the Court in a later filing, giving the parties an opportunity to address that contingency if and when it occurs." (*Id.* at 1:15-17.)

The Court does not understand Caltrans' position to be a "conditional" offer to include the documents. The only question is whether or not the documents exist or are already in the record. Therefore, Caltrans shall, after conducting a diligent search and inquiry for all documents in these categories, supplement the record by no later than March 8, 2013. At that time, Caltrans shall conclusively identify any documents within those categories that it has not been able to locate and which are not already in the record.

**IT IS SO ORDERED.**

Dated: February 8, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE