UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants. | Case No. 12-cv-02172-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 21, 2013, AT 9:00 a.m.

The Court has reviewed the parties' memoranda of points and authorities and, thus, unless otherwise requested, does not wish to hear the parties reargue matters addressed in those briefs. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates, or of counsel attorneys, who are working on this case be permitted to address some or all of the Court's questions contained herein.

After the parties have answered the following questions, each party may make a five minute summation that highlights the most salient points in support of their respective positions on the motions for summary judgment:

1. The Court previously stated that it found a challenge to the 2011 Re-Validation document was not adequately alleged in the First Amended Complaint. *See Center for Biological Diversity v. California Department of Transportation*, 2012 WL 5383290, at *8 n.12 (N.D. Cal. Nov. 1, 2012). What is the NEPA Plaintiffs' best argument that their request to amend to include a claim based on either of the two re-validation documents is timely?

2. At the hearing on the motion for a preliminary injunction, the NEPA Plaintiffs argued that review under Section 706(1) and 706(2) was the same, *i.e.* the arbitrary and capricious standard. Caltrans did not suggest otherwise. However, in its opposition to the motion, Caltrans cites *Public Lands for the People, Inc. v. U.S.D.A.*, which suggests that the arbitrary and capricious standard would not apply. 733 F. Supp. 2d 1172, 1183 (E.D. Cal. 2010) (noting that Section 706(1) does not incorporate arbitrary and capricious standard).

    a. Assuming the Court concludes that the NEPA Plaintiffs can proceed only under Section 706(1), what is their position on the appropriate standard of review, and on what authority would they rely?

3. It is not this Court's task to scour the record. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995). The NEPA Plaintiffs, however, state that there are "numerous changes… described in [the] many environmental documents," that require Caltrans to prepare a supplemental environmental impact statement. (*See* Docket No. 132, Plaintiffs' Br. at 17:4-7.)

    a. What are the specific changes to which the NEPA Plaintiffs refer?

    b. Do the NEPA Plaintiffs rely solely on the alleged impacts to migratory fish, rare plants (Bakers meadowfoam and North Coast semaphore grass), wetlands and land management protocols to support their NEPA Claim?

4. The Court also previously noted that WEC was not a party to the NEPA claim. *Center for Biological Diversity*, 2012 WL 5383290, at *2 n.5. In support of their unclean hands and laches defenses, Caltrans makes several arguments regarding WEC's alleged participation in litigating the NEPA claim. (*See* Docket No. 141, Caltrans Reply Br. at 6:5-7:9.)

    a. How do the NEPA Plaintiffs respond to those arguments, especially in light of the

2

fact that Ms. Drell's most recent declaration specifically refers to Caltrans? (*See* Docket No. 132-1, Declaration of Ellen Drell in Support of Motion for Summary Judgment, ¶ 8.)

    b. Does Caltrans have any authority to support the proposition that an *alleged* breach of a settlement agreement constitutes inequitable conduct?

    c. On what legal authority does Caltrans rely to suggest that the Court may impute the allegedly inequitable conduct to the NEPA Plaintiffs?

5. The Plaintiffs have not alleged that the Corps violated NEPA. The Corps determined that a supplemental environmental assessment, rather than a supplemental environmental impact statement, was appropriate because "the new information presented did not rise to the level of a significant impact on the human environment." (Corps AR at 303:9576.) In analyzing the merits of the NEPA Plaintiffs' claim against Caltrans, what inference, if any, can the Court draw from that conclusion?

**IT IS SO ORDERED**.

Dated: June 20, 2013

_____
JEFFREY S. WHITE
United States District Judge